577 F.2d 764
 3 Media L. Rep. 2612
 Barbara E. LYBARGER et al., Plaintiffs, Appellants,
v.
James Bruce CARDWELL et al., Defendants, Appellees.
 No. 77-1531.
 United States Court of Appeals,
First Circuit.
 Argued May 2, 1978.
Decided June 23, 1978.
 
 Mitchell I. Greenwald, Cleveland, Ohio, with whom Mark S. Coven, Concord, N.H., and Charles R. Capace, Boston, Mass., were on brief, for appellants.
 Patricia G. Reeves, Atty., Appellate Section, Civ. Div., Dept. of Justice, with whom Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Edward F. Harrington, U. S. Atty., Boston, Mass., and Leonard Schaitman, Atty., Appellate Section, Civ. Div., Dept. of Justice, Washington, D. C., were on brief, for appellees.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 COFFIN, Chief Judge.
 
 
 1
 Plaintiffs in this case are representatives of the Supplemental Security Income Advocacy Center (the Advocacy Center), a non-profit organization funded by the federal Department of Health, Education and Welfare[1] to assist applicants for and recipients of Supplemental Security Income benefits in obtaining the funds to which they are entitled. In order to better fulfill its duties, the Advocacy Center, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, requested that it be sent a variety of government materials and handbooks from the Social Security Regional Commissioner's office and that the Advocacy Center be placed on a mailing list to receive as a matter of routine any updated materials. The Commissioner agreed to make the current materials available, but a dispute arose as to whether or not the Advocacy Center should be required to pay the copying costs[2] of the information it requested. The Commissioner also refused to deliver updated materials to the Advocacy Center automatically.
 
 
 2
 Plaintiffs sought administrative review of the Commissioner's decision. When that proved unsuccessful they brought suit in district court to have the copying fees waived and to force the Commissioner to provide them with updated materials automatically. The district court denied them the relief they requested and plaintiffs appealed to this court. We affirm the district court's decision.
 
 
 3
 We should make it clear at the outset that the task before us is not to determine what would be the wisest, fairest, or most efficient method by which any federal agency, or the Social Security Administration in particular, should respond to requests for information under the Freedom of Information Act. We need only decide whether the Freedom of Information Act requires that the Social Security Regional Commissioner perform his responsibilities under the Freedom of Information Act in the manner demanded by the plaintiffs.
 
 
 4
 We turn first to the relevant statute and regulations concerning the issue of the waiver of fees. 5 U.S.C. § 552(a)(4)(A) states that
 
 
 5
 "In order to carry out the provisions of this section, each agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying a uniform schedule of fees applicable to all constituent units of such agency. Such fees shall be limited to reasonable standard charges for document search and duplication and provide for recovery of only the direct costs of such search and duplication. Documents shall be furnished without charge or at a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefiting the general public."
 
 
 6
 On its face this statute appears to vest considerable discretion in agencies to determine whether or not a party requesting information may be charged a reduced copying fee and complete discretion as to the amount of the reduction to be offered.
 
 
 7
 Plaintiffs, however, point to the following regulation, in effect at the time of their request, to support their demand for a complete waiver of copying fees: "It is the policy of the Social Security Administration to provide routine information to the general public without charge. Specific information services involving a benefit that does not accrue to the general public are subject to the payment of fees which are fixed in such amounts as to recover the cost to the Government of providing such services. Fees will be charged for the following special services. (1) Reproduction, duplication, or copying of records . . .." 20 C.F.R. § 422.440(b). Plaintiffs argue that this provision permits the Commissioner only two choices regarding fees: either he can waive them completely or he must charge the full cost of the services. Furthermore, plaintiffs claim that only "information services involving a benefit that does not accrue to the general public are subject to the payment of fees . . .." Since the Advocacy Center in its view does confer a benefit to the public, it cannot by the express terms of the regulation be required to pay for its own copying costs.
 
 
 8
 We do not find this argument persuasive. While the regulation does state that requests for information which do not benefit the public are subject to fees, it also states that routine information will be provided without charge. While we think it is clear that plaintiffs' request is for the good of the general public, we think it is also clear that the request is far from routine. Thus, the request does not fit exactly within a literal interpretation of the regulation. When confronted with ambiguous agency regulations, the Supreme Court has stated the general rule that "In construing administrative regulations, 'the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.' Bowles v. Seminole Rock Co.,325 U.S. 410, 414, (65 S.Ct. 1215, 89 L.Ed. 1700) (1945)", United States v. Larionoff, 431 U.S. 864, 872, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977). Here the Commissioner's decision is in full accord with the language of the underlying statute, 5 U.S.C. § 552(a)(4)(A), and appears to us to be a reasonable and fair interpretation of the regulation. We have no basis for interfering with his judgment on this issue.
 
 
 9
 As to the question of automatic mailings of updated materials, plaintiffs would have us rule that agencies are required to disclose information through the most prompt, full, and efficient method available, and that in this case automatic mailings fulfill that requirement. We cannot find any language in the Freedom of Information Act which imposes such an explicit mandate on agencies. Nor do we believe that Congress intended that the time and power of the federal courts should be used to review agency decisions as to what is the most appropriate method by which materials are to be disclosed. Carried to its logical extreme, plaintiffs' position could have us deciding what form of copying machine provides the clearest and least expensive results for servicing Freedom of Information Act requests.
 
 
 10
 There may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information require judicial intervention. Indeed, the Act clearly indicates as such. 5 U.S.C. § 552(a)(6)(C) states that "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." However, plaintiffs concede in their brief that defendants have agreed to make updated materials available in response to individual requests. Moreover, plaintiffs have given us no basis for believing that the Commissioner will not comply with the statutory mandate of the Freedom of Information Act and reply promptly to such requests.
 
 
 11
 The Commissioner is required by law to meet only that specific responsibility. We cannot hold that he is required to do more, no matter how efficient or beneficial other forms of disclosure may be.
 
 
 12
 The judgment of the district court is affirmed. No costs.
 
 
 
 [1]
 The Advocacy Center is no longer funded by HEW. It is continuing its function under different funding arrangements and sponsorship and its need for the requested materials has not diminished
 
 
 [2]
 The Commissioner estimated the costs of copying the requested material at over $1,000. He initially reduced that fee to approximately $750 and eventually reduced it to between $250 and $300